UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, | : : : : | HON. JOSEPH H. RODRIGUEZ |
| | | Civil Action No. 12-1470 |
| Plaintiff, | : : | |
| | : | **Memorandum Order** |
| v. | : : | |
| H.P. KANADY, INC., | : : | |
| Defendant. | : | |

This matter comes before the Court on an amended motion [Dkt. Entry No. 7] of Plaintiff Teamsters Health & Welfare Fund ("Plaintiff") seeking entry of default judgment against Defendant H.P. Kanady, Inc. ("Defendant"). [Dkt. Entry No. 7.] The Court has considered Plaintiff's submissions and notes that Defendant has not responded to the motion. For the reasons expressed below, Plaintiff's motion is granted and denied in part.

## I.  Background

Because Defendant has not responded all facts are taken from Plaintiff's Complaint [Dkt. Entry No. 1] and the certification attached to the Amended Motion for Default Judgment [Dkt. Entry No. 7.] Plaintiff is a "multi-employer benefit fund" (hereinafter "Fund") as within the meaning of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §186(c)(5), and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37). (Compl. at ¶ 4.) The Fund receives and administers contributions from contractors. (Id. at ¶ 4.) The contractors are bound by collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters including Local 331 ("Union"). (Id. at ¶ 4.) Defendant is a New Jersey

corporation that employs workers represented by the Union (Id. at ¶¶ 4, 6.) Those workers represented by the Union also participate and benefit from the Fund. (Id. at ¶ 6.)

Pursuant to a collective bargaining agreement ("CBA") with the Union, Defendant is required to make timely, monthly contributions to the Fund for each full hour worked by each employee. (Id. at ¶¶ 7, 8; Ex. A, Article 17 §§ 1-5.) The relevant portions of the CBA are attached to the Complaint as Exhibit A. The CBA also provides that: (1) liquidated damages in the amount of 10 percent will be imposed on late payments (Comp. at ¶ 9); (2) Defendant is to submit monthly employee reports to the Fund (Id. at ¶ 14); and (3) Defendant is required to make its employee records, including payroll records, available for inspection by the Fund's representatives, but only "after written notice of not less than three business days" is given to it. (Id. at ¶ 15; Ex. A, Article 17 § 9.)

Defendant failed to submit the mandatory reports and failed to make its contributions to the Fund for "at least the months of October, November, and December 2011." (Compl. at ¶ 16.) Plaintiff filed the complaint on March 9, 2012. [Dkt. Entry No. 1.] Count I of the complaint alleges that Defendant's "failure to submit reports and to pay contributions and liquidated damages to the Fund constitutes a breach of" contract. (Compl. at ¶ 18.) Count II alleges that Defendant's failure to make contributions to the Fund constitutes a violation of ERISA**.** (Compl. at ¶ 21.) Plaintiff seeks to recover: (a) injunctive relief, in the form of orders directing Defendant that within thirty days he must (1) submit the overdue contribution reports, and (2) provide Plaintiff's auditors with access to its books and records for the purposes of determining the total amount of contributions owed by Defendant to the Fund (Pl.'s Am. Mot. Default J. at ¶ 15; Compl. at ¶ 22); (b) the amount of (1) outstanding unpaid contributions, (2) accrued interest on the unpaid contributions

collectible under § 1132(g)(2)(B) of ERISA, (3) liquidated damages receivable under § 1132(g)(2)(C) of ERISA, and (4) reasonable attorney's fees and cost of suit pursuant to § 1132(g)(2)(D) of ERISA. (Compl. at ¶ 22; Pl.'s Am. Mot. Def. J. at ¶ 3.)

## II. Jurisdiction

"Before entering default judgment against a party that has not filed a responsive pleading, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" Trs. of Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Mazi Enter., CIV.A. 10-5985, 2011 WL 1205655 at *1 (D.N.J. Mar. 28, 2011)(quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The Court cannot exercise subject matter jurisdiction over Plaintiff's ERISA claim because the Fund lacks standing to sue for delinquent contributions on its own behalf pursuant to the act. While ERISA states that benefit plans can "sue or be sued as entities," 29 U.S.C. § 1132(d)(1), the act only empowers a "participant, beneficiary, or fiduciary" with the ability to bring a civil action. 29 U.S.C. § 1132(a)(3); See Dept. ILGWU Health & Welfare Fund v. Teamsters Local Union 229 Welfare Fund, 764 F.2d 147, 153 (3d Cir. 1985) (holding that jurisdiction over a suit between two ERISA plans cannot be predicated on 29 U.S.C § 1132(a)(1)(B)); also see Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co., 700 F.2d 889, 893 (2d Cir. 1983) (declining to find that ERISA plan itself had standing to sue under § 1132(a) because it is not a plan participant, beneficiary or fiduciary); Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Local 42 v. S. Jersey Insulation Services, No. 05-3143 RMB, 2007 WL 276137 at, *2-3 (D.N.J. Jan. 26, 2007) (finding that the language of § 1132(d)(1) does not authorize suits by benefit plans and that they lack standing to sue for ERISA violations)(internal citations omitted).

While a benefit plan cannot be a participant or a beneficiary, it is possible that it can fall within the meaning of a fiduciary under ERISA. 29 U.S.C. §1002(21); See Forys v. United Food & Commercial Worker's Int'l Union, 829 F.2d 603, 604 (7th Cir. 1987) (holding that a person is a fiduciary for purposes of ERISA to the extent that he or she exercises discretion over the management of plan assets, renders investment advice for a fee or exercises discretionary control over the administration of a plan) (internal quotations omitted); Also see Int'l Ass'n, 2007 WL 276137 at, *2-3 (holding that a union does not have standing  pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 1145 where it has not set forth facts sufficient to show it is a fiduciary). Accordingly, Plaintiff's counsel will be given time to submit a supplemental document regarding the standing of the Fund. The Court will only evaluate the legitimacy of this cause of action once Plaintiff sufficiently demonstrates that it has standing to sue for the requested relief under ERISA.

The Court, however, does have subject matter jurisdiction over Plaintiff's breach of contract claim pursuant 28 U.S.C. § 1331, because this action arises under the LMRA. The LMRA provides that contractual disputes "between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Plaintiff's breach of contract claim is a contractual dispute between the defendant, an employer, and the Union, a labor organization. Thus, the suit for unpaid contributions falls under the LMRA, 29 U.S.C § 185, giving the plaintiff a right to pursue an "action that is essentially one for breach of contract." Int'l Ass'n, 2007 WL 276137 at, *3 . Unlike ERISA, the LMRA does not limit parties who may bring suit so long as the object of the suit is the

4

enforcement of rights guaranteed by an agreement between an employer and a labor organization. Id. (internal quotations omitted).

Because Plaintiff alleges that Defendant violated the parties' CBA by failing to make contributions during October, November, and December, the LMRA is applicable (Compl. at ¶ 16.) The Court has personal jurisdiction over the defendant because it is a New Jersey corporation located in Williamstown, New Jersey (Id. at 2.)

### III.  Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  The Rule provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Fed. R. Civ. P. 55.  Rule 55 contemplates a two-step process.  "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)."  Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club,

Inc., 175 Fed. App'x 519, 521 n. 1 (3d Cir. 2006).  After a defendant has been defaulted, Rule 55(b)(2) authorizes district courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action."  See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

Even when a defendant is properly in default, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgments are strongly disfavored in the interest of having a case decided on its merits.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible.  DirecTV, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)).  If default judgment is permissible, the court weighs the following three factors to determine whether default judgment is appropriate: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct.  Nautilus Ins. Co. v. Triple C Constr. Co., No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011)(omitted internal quotations).

## IV.  Analysis

### A.  The Defendant is Properly in Default

The Court must first confirm that the Defendant is properly in default. If the Defendant has failed to appear or file any responsive pleading, the Court must determine the Defendant was properly served. See Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d. Cir. 1985) (holding that "a default judgment entered when there has been no proper service of the complaint is, a fortiori, void").

Defendant was properly served with a copy of the Summons and Complaint on March 19, 2012, as substantiated by the affidavit of service for summons and complaint filed on March 27, 2012. [Dkt. Entry No. 4.] Defendant failed to appear or otherwise respond to the Complaint. Plaintiff requested an entry of default as to the Defendant, and the Clerk of the Court entered Defendant's default on May 23, 2012. [Dkt. Entry No. 5.] Therefore, the procedural prerequisite of Rule 55(a) has been satisfied.

### B.  Legitimacy of the Cause of Action

Next, the Court must determine that the plaintiff's allegations demonstrate a legitimate cause of action and a right to the requested relief. Defendant is deemed to have admitted the factual allegations of the complaint by virtue of its default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). However, "a party in default does not admit mere conclusions of law." Id. § 2688, at 63. "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)

7

(citing <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Here, the unchallenged factual allegations in the Complaint state a legitimate cause of action under the LMRA. The act allows the district courts to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. Plaintiff alleges that the Defendant failed to timely remit its contributions and submit the required monthly reports during October, November, and December. (Compl. at ¶ 16.) Under the CBA, Defendant is explicitly required to remit its monthly contributions and reports to the Fund. (Ex. A, Article 17 §§ 5, 8.) As a result, entry of default as to liability in Count I is appropriate because the Fund has properly alleged a breach of the express terms of the CBA. As discussed above, liability as to Count II will not be evaluated until the Fund can establish that it has standing to bring a suit under ERISA.

## C. Factors Favoring Judgment by Default

Lastly, the Court must determine that default judgment is an appropriate sanction under the circumstances. Before imposing the extreme sanction of judgment by default, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." <u>Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds</u>, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir. 1987)). In weighing these factors, courts must remain mindful that default is a sanction of last resort and resolve all doubt in favor of proceeding on the merits. <u>Id.</u> Because Defendant has not filed any responsive pleading nor shown cause why a default judgment should not be granted, the Court need not determine if there is a meritorious defense or whether the default was a result of willful misconduct.

8

Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL 20848 *2 (E.D.Pa. Jan. 18, 1995); Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30, 2007).

The Court's sole consideration is whether the Plaintiff will be prejudiced if default is denied. Defendant has failed to make the required contributions to the Fund and has not responded to Plaintiff's Complaint. Therefore, Plaintiff has suffered and will continue to suffer if default judgment is not entered because delinquent contributions can negatively impact the Fund Trustees' ability to pay Fund beneficiaries. Acosta v. National Packaging, Inc., Civil No. 09-701, 2010 WL 30001191 *3 (D.N.J. July 28, 2010). Judgment by default is an appropriate sanction under the circumstances.

### D. Damages

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining this amount, the court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). However, the court is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Emps. of N. Jersey Welfare Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests that this Court order an audit of Defendant's payroll books and records to determine Defendant's delinquent contributions.(Pl.'s Am. Mot. Default J. at ¶ 15; Compl. at ¶ 22.) The Plaintiff also seeks an order directing the Defendant to submit the

9

overdue contribution reports. (Pl.'s Am. Mot. Default J. at ¶ 15.) While the factors may weigh in favor of entering default judgment with regard to liability for breach of the CBA, the entry of the default judgment with regard to the audit requested by Plaintiff is inappropriate at this time. Plaintiff failed to provide sufficient evidence to support the relief requested. With regard to the order requesting the overdue contribution reports, the entry of default judgment is appropriate.

While ERISA permits the court to enter judgment for interest, liquidated damages, attorney's fees, and such other legal or equitable relief as the Court deems appropriate, Plaintiff has not demonstrated standing under ERISA and is not entitled to lean on ERISA's remedial provisions at this time. The only relief Plaintiff is entitled to is that guaranteed by the terms of the CBA. Under the CBA an audit may be requested by the "*Trustees* of the Health and Welfare Fund" (Ex. A, Article 17 § 9)(emphasis added). The trustees acquire this right "after written notice of not less than three (3) business days." (Id., Article 17 § 9.) These clauses explicitly state that an audit is a remedy to be pursued by the trustees of the Fund, not by the Fund itself. The Court will not award an audit to Plaintiff because it is not clear that it is entitled to one under the relevant contractual language.

Additionally, the CBA provides that Defendant remit the contributions on a monthly basis, and that his failure to provide such contributions will make him "liable for damages, attorney's fees, court costs, plus all areas in payment, plus ten percent (10%) as liquidated damages". (Id., Article 17 §§ 4, 7). Plaintiff provided an exact figure of $2,055.72 in its Amended Motion for Default Judgement [Dkt. Entry No. 7.], indicating the amount Defendant actually owes in delinquent contributions for the period in question. (Pl.'s Am. Mot. Default J. at ¶ 14.) Plaintiff adds to that amount $2,880.00 in attorney's fees and

$406.25 in litigation costs, and seeks to recover a grand total of $5,341.97[1]. (Pl.'s Am. Mot. Default J. at ¶ 14.) Given that Plaintiff alleges a need for the payroll reports to calculate the correct amount the Defendant owes in delinquent contribution payments (Compl. at ¶ 22), the Court will infer that the sum cited in the Plaintiff's Amended Motion is an estimation. (Pl.'s Am. Mot. Default J. at ¶ 14.) If the Plaintiff can reasonably estimate the amount of money the Defendant owes in delinquent contributions, then it may not need to conduct an audit.

If damages are not "for a sum certain or for a sum which can by computation be made certain," the Court can conduct a hearing to determine the basis for Plaintiff's calculations and the appropriate amount of damages.  Fed. R. Civ. P. 55 (b)(1); Event Entm't v. Tudor Inn E., Inc., No. 97-2431, 1999 U.S. LEXIS 11345, at *7 (D.N.J. Jan. 25, 1999). A hearing may not be necessary, however, if Plaintiff can provide additional evidence to substantiate the basis of the estimation provided in its Amended Motion for Default Judgment. See La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) (ordering plaintiff to submit additional documentation explaining the basis of the figures it used to calculate damages). Plaintiff will be given time to submit such documentation, upon consideration of which the court will determine if a hearing is necessary. Because the CBA also requires that the defendant submit monthly contribution

---

[1] Plaintiff actually seeks attorney's fees and litigation costs as remedies under ERISA. But as discussed above, Plainitff's ERISA claim cannot be considered. See generally Int'l Ass'n, 2007 WL 276137 at, *3 (holding that, where there was no ERISA standing, relief pursuant to ERISA Section 502(g)(2) was unavailable). Plaintiff is entitled to those damages, however, under the CBA. To the extent that the plaintiff seeks any damages not guaranteed under the CBA, but guaranteed under ERISA, it will first need to demonstrate standing under the act.

reports to the Fund, this Court will also grant an order directing Defendant to submit these reports. (Ex. A, Article 17 § 8.)

## V.  Conclusion

For the reasons stated above, the Court finds that Plaintiff is entitled to relief pursuant to Federal Rule of Civil Procedure 55(b) and its motion for default judgment is granted as to liability in the Breach of Contract claim only. Its motion for default judgment is denied without prejudice in the ERISA claim. Plaintiff's motion is also denied as to the order directing Defendant to provide the Plaintiff's auditors with access to its books and records. Plaintiff's  motion is granted as to the order directing the Defendant to submit the overdue contribution reports.

Accordingly,

IT IS on this 2nd day of August, 2012, hereby

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED** with respect to liability in the breach of contract claim but **DENIED** with respect to damages; Plaintiff shall have 30  days to substantiate the basis of its estimation for Defendant's delinquent contributions with appropriate documents, and produce any other information relevant to the determination of damages ; and it is further

**ORDERED** that Plaintiff's motion for default judgment is **DENIED** with respect to liability in the ERISA claim; Plaintiff shall have 30 days to submit documentation regarding its standing to sue for delinquent contributions on its own behalf pursuant to ERISA;  and it is further

**ORDERED** that Defendant, within 30 days, submit the overdue contribution reports to the Fund as required by the CBA.

S/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge

13